[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Patricia Lamplugh, executrix of the Estate of Arthur T. Cooke, filed a three count complaint against the defendants, TheraTx, Inc., PersonaCare, Inc., PersonaCare of Connecticut, Inc., Courtland Gardens Residence, Inc., Stamford Health Facilities, Inc., and Stamford Health Associates Limited Partnership. Count one of the complaint sounds in negligence. Count two of the complaint sounds in recklessness. Count three sounds in a violation of CUTPA. The plaintiff is seeking damages for the injuries and death of the decedent who allegedly died as a result of a fire at the defendant Residence.
The defendants have filed a motion to strike count two of the complaint, and the related portion of the prayer for relief, on the ground that the plaintiff fails "to allege sufficient facts to support a claim for reckless or wanton conduct." Specifically, the defendants argue that the plaintiff improperly relies on identical facts in the recklessness and negligence counts.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut. Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a CT Page 2817 reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citation omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
The cause of action for recklessness has been summarized by a trial court citing Dubay as follows: "In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ."Prudential Property Cas. v. CL P, Superior Court, judicial district of New Haven at Meriden, Docket No. 255016 (Jun. 27, 1997, Gaffney, J.). In short, an action sounding in reckless conduct requires an allegation of an intentional act that results in injury.
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." PrudentialProperty Cas. v. CL P, supra, Superior Court, Docket No. 255016.
In the present case, the plaintiff pleads separately the causes of action for negligence and recklessness. First, the plaintiff lists more than twenty allegations of negligent conduct. This list includes the defendants' failure to: provide required fire safety equipment; to assist the elderly residents of the home when the fire started; to prevent known smokers from smoking in their room; and warn residents of the dangerous condition.
The recklessness count includes these allegations and adds that the violations were "in knowing disregard of defendants' obligations under the Connecticut Fire Safety Code and of defendants' obligation to safeguard the residents of Courtland Gardens, thereby exposing the residents of Courtland Gardens, including plaintiff's decedent, to risk of serious harm." The plaintiff also alleges that the defendants knew of the risk of harm, and that the alleged reckless conduct "was a substantial CT Page 2818 factor in causing the fire" and the decedent's death.
The conduct alleged by the plaintiff could be characterized by a trier of fact as "highly unreasonable conduct which amounts to an extreme departure from ordinary care." It also may be properly inferred from the plaintiff's complaint that the plaintiff is alleging that the defendants intentionally
disregarded the fire safety regulations. See Ferryman v. Groton,212 Conn. 138, 146, 561 A.2d 432 (1989)("What is necessarily implied need not be expressly alleged." (Internal quotation marks omitted.)).
The plaintiff properly pleads all of the elements necessary to support a claim of recklessness. The second count of the plaintiff' s complaint is legally sufficient. The defendants' motion to strike, therefore, is denied.
So Ordered.
D'ANDREA, J.